IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00959-BNB

TERRY BLEVINS,

    Plaintiff,

v.

TASHA DOBBS,
ROBERT ARMENTA,
DEBBIE ALLEN,
STAN H.
MESA COUNTY SHERIFF'S DEPARTMENT
JOHN DOE #1-10, and
MESA COUNTY DETENTION FACILITY,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 1 2009

GREGORY C. LANGHAM
                 CLERK

---

### ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Terry Blevins, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Limon, Colorado, correctional facility. Mr. Blevins filed *pro se* an amended civil rights complaint for injunctive relief money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3), alleging that his constitutional rights have been violated.

    The Court must construe the amended complaint liberally because Mr. Blevins is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Blevins will be ordered to file a second amended complaint, name only the proper parties to the action, and assert personal participation by the proper parties.

The Court has reviewed the amended complaint and finds that it is deficient. Defendants Mesa County Sheriff's Department and Mesa County Detention Facility are not proper parties to this action. Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Blevins cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Blevins also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Blevins must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Blevins may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr.

Blevins uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service.

The second amended complaint Mr. Blevins will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Blevins to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Blevins, therefore, will be directed to file a second amended complaint that clarifies who he is suing and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Terry Blevins, file **within thirty days from the date of this order** a second amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Blevins, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the second amended complaint. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Blevins fails to file a second amended complaint within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 21st day of July, 2009.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00959-BNB

Terry Blevins
Prisoner No. 111164
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 7/21/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk