IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00959-BNB

TERRY BLEVINS,

      Plaintiff,

v.

TASHA DOBBS,
ROBERT ARMENTA,
DEBBIE ALLEN,
STAN H.
MESA COUNTY SHERIFF'S DEPARTMENT
JOHN DOE #1-10, and
MESA COUNTY DETENTION FACILITY,

      Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 24 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Plaintiff, Terry Blevins, is a prisoner in the custody of the Colorado Department

of Corrections who currently is incarcerated at the Limon, Colorado, correctional facility.

Mr. Blevins filed a ***pro se*** amended civil rights complaint for injunctive relief and money

damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3), alleging that his

constitutional rights have been violated. On July 21, 2009, Magistrate Judge Craig B.

Shaffer determined that the amended complaint was deficient because it failed to allege

the personal participation of all named Defendants. Therefore, Magistrate Judge

Shaffer ordered Mr. Blevins to file a second amended complaint. Mr. Blevins filed a

second amended complaint on August 10, 2009.

Mr. Blevins has been granted leave to proceed ***in forma pauperis*** pursuant to

28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss ***sua***

*sponte* an action at any time if the action is frivolous.  A legally frivolous claim is one in

which the plaintiff asserts the violation of a legal interest that clearly does not exist or

asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S.

319, 324 (1989).  Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants

have violated his or her rights under the Constitution and laws of the United States

while they acted under color of state law.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144,

150 (1970).

     The Court must construe the second amended complaint liberally because Mr.

Blevins is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-

21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the second

amended complaint reasonably can be read "to state a valid claim on which the plaintiff

could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal

authority, his confusion of various legal theories, his poor syntax and sentence

construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.

However, the Court should not act as an advocate for *pro se* litigants.  *See id.*  For the

reasons set forth below, the second amended complaint and the action will be

dismissed.

     Mr. Blevins asserts three claims in the second amended complaint.  First, he

alleges that Defendant Tasha Dobbs arrested him on February 12, 2009, for a parole

violation, but because she failed to file a complaint, he was released on February 13,

2009.  Second Amended Complaint at 6.  He alleges that Defendant Dobbs arrested

him again on March 12, 2009, and that on March 18, 2009, Defendant Dobbs and

Defendant Robert Armenta filed a complaint against him that included charges from

2

both the February and March arrests. *Id.* Plaintiff asserts that the "late" February charges violated his right to due process. *Id.* In his second claim, Plaintiff alleges that Defendant Mesa County Detention Facility (MCDF) is violating his right to equal protection because it provides legal assistance to its incarcerated criminal litigants, but not its civil litigants. *Id.* at 7. In his third claim, Plaintiff alleges that Defendants MCDF and Mesa County Sheriff's Office (MCSO) violated his right to access the law library, because the computer at MCDF does not provide Westlaw access to any federal cases. *Id.* at 8. Mr. Blevins seeks damages in addition to injunctive relief.

In his first claim, Mr. Blevins appears to assert that he was denied the right to due process because "late" charges from a February arrest were filed against him in March, and that his parole was revoked based upon the February and March charges. *Id.* at 6.

Mr. Blevins is suing a member of the Colorado parole board, and two parole officers for their involvement in the revocation of his parole. Mr. Blevins may not recover money damages for this because it challenges the validity of his parole revocation and, therefore, his continuing confinement. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See id.* at 486-87. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam); *see*

3

*also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying *Heck* to claim regarding denial of parole).

Mr. Blevins' claims for money damages amount to a collateral attack on the revocation of his parole and subsequent incarceration. *Heck* does not permit this. Before bringing a claim that casts doubt on the length of a prisoner's continued incarceration, the prisoner first must pursue a successful action for habeas corpus. *Edwards v. Balisok*, 520 U.S. 641 (1997), *see also Butterfield*, 120 F.3d at 1024 & n.1. Mr. Blevins does not allege, and nothing in the Court's file indicates, that he has invalidated the revocation of his parole through a writ of habeas corpus.

Mr. Blevins also may not obtain injunctive relief for his claims concerning the revocation of his parole because, as previously stated, those claims challenge the validity of his parole revocation and, therefore, his continuing confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a state prisoner's [42 U.S.C.] § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original).

Therefore, Mr. Blevins' claims for money damages and injunctive relief based upon the revocation of his parole are barred by *Heck*, and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

In his second claim, Mr. Blevins asserts that Defendant MCDF refuses to provide the prisoners pursuing civil litigation with paper, pen, copies, postage and envelopes,

4

but unfairly provides these items to the prisoners pursuing criminal appeals. Second Amended Complaint at 7. He argues that this policy violates his right to equal protection. *Id.*

To the extent Mr. Blevins is asserting that Defendant MCDF is discriminating against him by denying him access to pens and paper, a person's right to equal protection is violated when the government or its officials treat him differently than others who are similarly situated. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Equal protection, however, does not require that all people be treated identically. *See Hendking v. Smith*, 781 F.2d 850, 851 (11th Cir. 1986); *Zeigler v. Jackson*, 638 F.2d 776, 779 (5th Cir. 1981). Mr. Blevins does not assert that he is being treated differently than other inmates who are similarly situated. Instead, he alleges that as a civil litigant, he is being treated differently from inmates who are pursuing criminal appeals. Mr. Blevins is not similarly situated to these inmates. Therefore, the Court finds Claim Two is legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). To the extent that Claim Two also asserts a claim for denial of access to the courts, the Court will consider this argument in its analysis of Mr. Blevins' third claim.

In his third claim, Mr. Blevins asserts that he is being denied the right to access the courts because the Westlaw program on the computer in the MCDF law library does not permit access to federal cases. Second Amended Complaint at 8. He further argues that he has been denied the right to file a prison grievance related to Westlaw access at MCDF. *Id.*

To assert a claim for denial of access to the courts, Mr. Blevins must plead and prove that he was actually impeded in his ability to conduct a particular case. *See Casey v. Lewis*, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a non-frivolous claim. *Casey*, 518 U.S. at 349-353.

In *Casey*, the Supreme Court cited two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Id.* at 351. In addition, an inmate's efforts would be hindered when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.*

Neither of the examples set forth in *Casey* are at issue in this case. Although Mr. Blevins asserts that his efforts to access the courts have been hindered, the Court notes that, in addition to the instant case, Mr. Blevins has been able to file four other cases in this Court alone (06-cv-00969-MJW-KMT, 09-cv-00571-ZLW, 09-cv-01170-MSK-KMT and 09-cv-01531-BNB). Mr. Blevins also asserts that one of his cases was previously dismissed by the Court because he failed to file "motions" by a court deadline. Second Amended Complaint at 7. Mr. Blevins apparently refers to 09-cv-00571-ZLW, a case filed on April 17, 2009, which was dismissed without prejudice by

6

the Court on May 29, 2009, for failure to cure deficiencies. However, the Court notes that 09-cv-00571 was dismissed due to Mr. Blevins' failure to submit a certified copy of his inmate trust fund statement for the six-month period immediately preceding the filing. Mr. Blevins was given several opportunities to cure this deficiency, but failed to submit the inmate trust fund statement in its proper form pursuant to 28 U.S.C. § 1915. Further, although Mr. Blevins alleges that he was denied access to paper, pen and envelopes, the Court notes that he filed an Amended Complaint, four motions, and two letters to the Court in 09-cv-00571 prior to the dismissal of his Complaint. Mr. Blevins has also filed three subsequent cases, including the instant case, since the dismissal of 09-cv-00571. Accordingly, the Court finds no support for his argument that the denial of photocopies, paper, pens or envelopes by prison officials is hindering his right to access the courts.

Moreover, Mr. Blevins has no constitutional right, per se, to photocopies or a legal library. That is, contrary to his argument, the right of access to the court does not entail a constitutional right to a law library or professional legal assistance. *Lewis*, 518 U.S. at 350. Instead, "meaningful access to the courts is the touchstone," *Bounds v. Smith*, 430 U.S. 817, 823 (1977), and indeed, the Supreme Court has approved of programs that "replace libraries with some minimal access to legal advice and a system of court-provided forms." *Lewis*, 518 U.S. at 532. Here, Mr. Blevins admits that he is provided access to both a law library and a computer with Westlaw, but complains that the Westlaw access is too limited. Based upon the Supreme Court's approval of prison programs that are far less generous, the Court finds Claim Three is legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i).

Finally, Mr. Blevins' contention that his constitutional rights were violated because he was denied the necessary form to file a grievance also lacks merit. This is because, even if Mr. Blevins had not been allowed to file a grievance, that fact alone would not demonstrate the violation of a constitutional right. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (per curiam); *see also Sawyer v. Green*, 316 Fed. Appx. 715, 717 n.3 (10th Cir. June 20, 2008) (unpublished decision).  Therefore, because Mr. Blevins fails to allege facts that might support an arguable claim, the constitutional claims will be dismissed as legally frivolous.  Accordingly, it is

ORDERED that claim one is dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  It is

FURTHER ORDERED that claims two and three are dismissed as legally frivolous pursuant to  28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that the Complaint and Action are dismissed.

DATED at Denver, Colorado, this 23 day of _____Sept._____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   09-cv-00959-BNB

Terry Blevins
Prisoner No. 111164
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/24/09

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk